**In re PINAIRE.**

**Civil Action No. 702.**

District Court, N. D. Texas, Dallas Division.

July 20, 1942.

Glen Pinaire, in pro. per.

Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for respondents.

ATWELL, District Judge.

The petitioner, a prisoner at the United States Public Health Service Hospital at Fort Worth, Texas, seeks his release upon an allegation that he is being punished in a cruel and unusual manner.

Such a setting and subsequent delays were indulged as afforded the petitioner ample opportunity to develop, with such witnesses as he desired, his position.

The testimony, somewhat summarized, shows that the hospital has a number of buildings and is at the present time in use not only for prisoners committed for violations of the narcotic statute, but also for four or five hundred mental patients from other sections of the country.

Probably from birth the petitioner has been nervous and his use of narcotics has added to that nervousness and produced some pathology. He had been unable to entirely adjust himself prior to the coming of the mental patients, early in May of the present year, and after that his discontent seemed to increase. He was finally removed to a wing of the building where there were no others in that immediate vicinity. That did not suit him, and a cold pack was finally ordered for him when he did not respond to certain treatments which had theretofore been effective. The cold pack was the wrapping of his nude body in a cold sheet so that no part of his flesh touched any other part of his flesh. The wrappings being between his legs and between his body and his arms, and such wrappings covering him entirely so that only his toes and his head were visible. It permitted practically no movement of the body. This wrapping was done with sheets and blankets. It is a prescribed treatment for nervousness. It is also a treatment that is dreaded by the patient. Only one such treatment was given to the petitioner.

The petitioner testified that an attendant, who participated in the pack, cursed him, and that he, in turn, cursed the attendant; that the attendant was assisted by three others.

The details of the exact happenings prior to that particular moment are not exactly clear, but they seem to indicate that the petitioner was demanding an opportunity to do certain things and to be relieved of certain conditions and the attendants, acting under orders, could not allow the petitioner to do what he wished to do.

The hospital physicians testified that the pack was not given as a punishment, but as a treatment.

Authorities who deal with persons committed to their custody must have the right of such supervision as will result in orderliness in confinement quarters. Such restraint is not a part of the punishment which takes place under the sentence. It is necessary discipline in the place where the sentence is to be served.

██ "Cruel and unusual punishments," under the prohibition of the 8th Amendment, usually implies something inhumane and barbarous, or, some punishment unknown at common law. It was to prevent such cruelties, which were at that time somewhat common, that the prevention was insisted upon in the Bill of Rights.

I am not prepared to say that a cold pack, given in the severity that the testimony discloses in this case, is not a real physical torture to such as have a horror of cold, or who physically, mentally and nervously resent such severe confinement of the body, but some latitude must be given the thoughtful and careful physicians who are in charge of these places and who have found beneficial results from such treatment in certain nervous patients. It is a treatment that is recognized among the entire profession, and is described in the text books.

Up to the present time, however, there has been no repetition of that treatment of the petitioner.

Nor can a court appropriately supervise the quarters which the officers of an institution think appropriate for the prisoner, provided the quarters are humanely livable quarters. The room which this petitioner has, is sanitary, has ample light, heat, and the usual physical comforts that go with such places.

Taking the case in its entirety, and looking at all of the aspects, it seems to me the petitioner should be remanded to the hospital authorities, and it is so ordered.